IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v | ) CIVIL ACTION NO. 3:03CV1223-MHT |
| | ) [WO] |
| GREGORY HOLLIS DAVIS | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion by federal inmate GREGORY HOLLIS DAVIS ["Davis"] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**I. INTRODUCTION AND PROCEDURAL HISTORY**

On 12 July 2000, in accordance with a plea agreement, Davis entered a conditional guilty plea to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Davis retained the right to appeal the district court's ruling denying his motion to suppress evidence that was seized from his vehicle following his detention at a roadblock. On 11 July 2001, the district court entered judgment and sentenced Davis to consecutive sentences of 78 months for the distribution conviction and 60 months for the firearm conviction.

Davis appealed, challenging the district court's denial of his motion to suppress. On 19 April 2002, the Eleventh Circuit Court of Appeals held that the district court had properly denied the motion to suppress and affirmed Davis's conviction and sentence. *See United*

*States v. Davis*, 288 F.3d 1263 (11th Cir. 2002).  The United States Supreme Court denied Davis's petition for a writ of certiorari on 16 December 2002.  *See Davis v. United States*, 537 U.S. 1094 (2002).

On 15 December 2003, Davis filed this § 2255 motion.  He later amended the motion to raise an additional claim.  The matter is now before this court on the § 2255 motion, as amended.  Davis asserts the following claims:

1. He is actually innocent of violating 18 U.S.C. § 924(c)(1).

2. His counsel rendered ineffective by advising him to plead guilty to violating 18 U.S.C. § 924(c)(1).

3. His counsel rendered ineffective assistance at sentencing by failing to raise a claim under *Apprendi v. New Jersey*, so that he might ultimately qualify for relief under *United States v. Booker*.

The government responds that Davis's claims are without merit and entitle him to no relief.  In addition, the government argues that Davis's claim regarding counsel's alleged ineffectiveness for failing to raise *Apprendi* at sentencing – which Davis first presented in his amended § 2255 motion – is untimely and should not be considered.  Davis was afforded an opportunity to respond to the government's submission.  After consideration of the § 2255 motion as amended, the submissions supporting and opposing the motion, and the record in this case, the court concludes that an evidentiary hearing is unnecessary and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## II. DISCUSSION

*A.     Actual Innocence as to 18 U.S.C. § 924(c)(1) Firearm Conviction*

Davis asserts that he actually innocent of the 18 U.S.C. § 924(c)(1) firearm conviction. *See "Memorandum of Law in Support of § 2255 Motion"* (Doc. # 2) at 9-15. He argues that he merely possessed a firearm while in a vehicle containing drugs and that, under *Bailey v. United States*, 516 U.S. 137 (1995), such actions do not establish criminal liability under § 924(c)(1). *Id*. at 10. In *Bailey*, the Supreme Court held that a conviction under the "use" prong of § 924(c)(1) requires the government to demonstrate "active employment" of the firearm, not its mere possession, during and in relation to the predicate crime.[1]  *Bailey*, 516 U.S. at 143-44.

To establish actual innocence, a defendant must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (citations omitted). "Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 615

---

[1] 18 U.S.C. § 924(c)(1) makes it an offense to either (1) *use or carry* a firearm *during and in relation to* a crime of violence or drug trafficking crime or (2) *possess* a firearm *in furtherance of* such crime. *See* 18 U.S.C. § 924(c)(1). The pre-1998 version of the statute, however, made it an offense only to *use or carry* a firearm *during and in relation to* the predicate crime. The *Bailey* decision's narrow interpretation of "use" under § 924(c)(1) prompted Congress to amend the statute in 1998 to add language directed to *possessing* a firearm "in furtherance of" the predicate crime. *See United States v. Timmons*, 283 F.3d 1246, 1252 (11th Cir. 2002). The events that led to the charges to which Davis pleaded guilty occurred well after the 1998 revision of the statute.

(1998).

Because Davis pleaded guilty to an indictment alleging that he "did knowingly use *and* carry a firearm" (emphasis added), the government was only required to prove *either* that he used the firearm during and in relation to the drug trafficking crime *or* that he carried the firearm during and in relation to that crime, not both. *See United States v. Timmons*, 283 F.3d 1246, 1252 (11th Cir. 2002); *see also Turner v. United States*, 396 U.S. 398, 420-21 (1970).

For purposes of § 924(c)(1), the phrase "carries a firearm" applies "to a person who knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car, which the person accompanies." *Muscarello v. United States*, 524 U.S. 125, 126-27 (1998); s*ee also United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005) ("A defendant carries a firearm if it is carried directly on his person or carried in his vehicle."). To prove the "in relation to" requirement, the government must demonstrate that the firearm had "some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Smith v. United States*, 508 U.S. 223, 238 (1993). "The gun at least must facilitate, or have the potential of facilitating, the drug trafficking offense. *Id*. (citations and internal punctuation omitted). *See also Frye*, *supra*, 402 F.3d at 1128.

The record reflects that Davis was arrested on the charges to which he pleaded guilty after his vehicle was stopped at a Lee County roadblock set up by an inter-governmental

drug enforcement task force. At the guilty plea colloquy, Davis admitted that he had a distributable quantity (69.53 grams) of methamphetamine in his possession at the time of his arrest; he also acknowledged that he was carrying a twelve-gauge shotgun in his vehicle at the same time. *See "United States' Response to § 2255 Motion"* (Doc. # 15) Exh. B, Plea Transcript, at 21-22.

Evidence presented at Davis's suppression hearing established that the shotgun, which was found on the front seat of his vehicle, was loaded and had been fitted with a collapsible stock, pistol grip, and laser sight.[2] *See* Crim. Case No. 3:00CR70-MHT: Suppression Hearing (21 June 2000) at 7 & 16-20; *see also United States v. Davis*, 143 F.Supp.2d 1302, 1304 n.3 (11th Cir. 2001). In the opinion of one officer, the shotgun, though legal, had been modified for personal protection. *See* Suppression Hearing at 20; *Davis*, 143 F.Supp.2d at 1304 n.3. Testimony further indicated that the methamphetamine recovered during Davis's arrest was packaged in plastic bags that officers found protruding from the pockets of a leather jacket folded across the shotgun on the front seat of Davis's vehicle. *See* Suppression Hearing at 7-9 & 14-16; *Davis*, 143 F.Supp.2d at 1304. Officers also recovered from inside the vehicle two propane tanks and some plastic tubing of the sort commonly associated with the manufacture of methamphetamine. *See* Suppression Hearing at 9-10; *Davis*, 143 F.Supp.2d at 1304.

---

[2] In assessing Davis's actual innocence claim, this court considers all evidence in the record, and not merely the evidence presented during the plea colloquy. *See Bousley v. United States*, 523 U.S. 614, 624-25 (1998).

Because of all the facts established at the guilty plea colloquy and the suppression hearing, Davis is unable to demonstrate that "it is more likely than not that no reasonable juror would have convicted him" of carrying a firearm during and in relation to a drug trafficking crime. *Schlup*, *supra*, 513 U.S. at 327-28. Davis carried a loaded, modified shotgun on the front seat of his vehicle while transporting a distributable quantity of drugs.[3] A reasonable inference would be that the gun at least had the potential of facilitating the drug trafficking offense. Accordingly, Davis is not entitled to relief based on his claim that he actually innocent of the 18 U.S.C. § 924(c)(1) firearm conviction.

**B.**   ***Counsel's Ineffectiveness for Allowing Guilty Plea to § 924(c)(1) Charge***

Davis alleges that his counsel rendered ineffective by advising him to plead guilty to violating 18 U.S.C. § 924(c)(1) when he was actually innocent of that offense. *See "Memorandum of Law in Support of § 2255 Motion"* (Doc. # 2) at 15-18. However, because this court has rejected the substantive claim underlying this allegation, Davis's argument that counsel was ineffective in this regard is futile. Because Davis fails to show that counsel's performance was deficient or that he suffered resulting prejudice with respect to this allegation of ineffective assistance, *see Strickland v. Washington*, 466 U.S. 668, 687-89 (1984), he is not entitled to any relief based on this claim.

---

[3]Because, for purposes of § 924(c)(1), Davis "carried" the firearm by conveying it in his vehicle, *see Muscarello*, 524 U.S. at 126-27; *Frye*, 402 F.3d at 1128, the interpretation of "use" set forth in *Bailey*, 516 U.S. at 143-44, is arguably beside the point in an assessment of Davis's actual innocence claim.

6

### C.   *Claim Raised in Amendment to § 2255 Motion*

On 22 June 2005, Davis filed an amendment to his original § 2255 motion. *See "Supplement to Pending 28 U.S.C. § 2255 Motion"* (Doc. # 8). The amendment contains an additional claim for relief. Specifically, Davis contends that his counsel rendered ineffective assistance by failing to raise a claim at sentencing under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), so that Davis might ultimately qualify for relief under *United States v. Booker*, 543 U.S. 220 (2005).

In this regard, Davis maintains that if counsel had raised *Apprendi* at his sentencing, the appeal in his case would have been prolonged long enough to prevent finalization of his conviction for another two years, so that he might ultimately benefit from *Booker*'s remedial holding that the Sentencing Guidelines must be considered as advisory rather than mandatory.[4]

The government's response argues that this claim fails to relate back sufficiently to the claims raised in Davis's original § 2255 motion and is, as a consequence, untimely under the one-year period of limitation provided for by 28 U.S.C. § 2255. The government also argues that the claim lacks merit.

Fed.R.Civ.P. 15(c) provides that "[a]n amendment of a pleading relates back to the

---

[4] Davis appears to concede that he would not have been entitled to any relief under *Apprendi* itself.

date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  *See* Fed.R.Civ.P. 15(c)(2).  "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed."  *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).

Davis's conviction became final on 16 December 2002 – the date on which the Supreme Court denied his petition for a writ of certiorari.  *See Washington v. United States*, 243 F.3d 1299, 1300-01 (11th Cir. 2001) (a conviction is final on the day the Supreme Court denies a convicted defendant's certiorari petition or renders a decision on the merits).

Accordingly, Davis had until 16 December 2003 to file a § 2255 motion that was timely under § 2255's one-year period of limitation.  He filed his § 2255 motion on 15 December 2003.  Therefore, the claims in his original § 2255 motion were timely raised.  His amended motion, however, was filed on 22 June 2005 – more than 18 months after § 2255's one-year deadline had expired.  Thus, his new claim is untimely under the one-year period of limitation and is barred unless it "relates back" under Fed.R.Civ.P. 15(c).

Davis's new claim –  that his counsel rendered ineffective assistance by failing to raise an *Apprendi* claim at sentencing and prolonging his appeal so that he might later benefit from *Booker* – bears no legal or factual relationship to any of the claims contained in his original § 2255 motion.  "Congress did not intend rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts."  *Pruitt v.*

8

*United States,* 274 F.3d 1315, 1317 (11th Cir. 2001). Thus, Davis's new claim does not "relate back" under Rule 15(c) and is barred because it is untimely under § 2255's one-year period of limitation. *See Farris v. United States*, 333 F.3d 1211, 1215-16 (11th Cir. 2003)*; Pruitt,* 274 F.3d at 1319.

As the government also correctly argues, in addition to being time-barred, Davis's new claim lacks merit, because there is obviously no certainty that raising an *Apprendi* claim would have prolonged the appeal process and delayed a final ruling on Davis's conviction – long enough for him to benefit from the *Booker* decision.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Davis be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before 7 June 2006.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 24th day of May, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE